**Olga J. HARMON, Plaintiff,**

v.

**UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, INTERNATIONAL UNION (UAW), Defendant.**

**Civ. A. No. 87–CV–60334–AA.**

United States District Court,
E.D. Michigan, S.D.

April 20, 1988.

Michael Pitt, Detroit, Mich., for plaintiff.

Samuel McKnight, Southfield, Mich., for defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

La PLATA, District Judge.

On October 16, 1987, Plaintiff, Olga J. Harmon, filed this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiff alleges that her former employer, defendant United Automobile, Aerospace, and Agricultural Implement Workers of America, International Union ("UAW"), wrongfully forced her to retire from her bookkeeping position when she reached age 70. The matter is now before the Court on Defendant's Motion for Summary Judgment.

Plaintiff was employed by Defendant as a bookkeeper from 1965 until March 1, 1987. At the time her employment with Defendant was terminated, she was a member of a bargaining unit represented by Local 494, Office and Professional Employees International Union, AFL–CIO ("OPEIU"). Plaintiff was forced to retire on March 1, 1987, at age 70, pursuant to the following provision contained in the 1986–1989 collective bargaining agreement then in effect between the OPEIU and the defendant UAW:

"... employees who are 70 years of age or older must be retired the first day of the month after they become 70 years of age." (Article 9, Section 6).

Plaintiff contends that her forced retirement under this provision was violative of the ADEA.

The ADEA, until 1986, prohibited certain employment practices regarding employees between the ages of 40 and 70 years. However, in 1986, the Act was amended to cover all individuals 40 years of age or older. 29 U.S.C. § 631. This amendment was intended, among other things, to eliminate mandatory retirement at any age. Before the 1986 amendment was adopted, mandatory retirement of employees aged 70 or older was permitted.

Most of the 1986 amendments to the Act took effect on January 1, 1987. There is, however, an exception to this rule, the interpretation of which the parties agree governs this case:

Pub.L. 99–592

(a) In general. Except as provided in subsection (b), this Act and the amendments made by this Act ... shall take effect on January 1, 1987, except that with respect to any employee who is subject to a collective bargaining agreement—

(1) which is in effect on June 30, 1986,

(2) which terminates after January 1, 1987,

(3) any provision of which was entered into by a labor organization ..., and

(4) which contains any provision that would be superseded by such amendments, but for the operation of this section,

such amendments shall not apply until the termination of such collective bargaining agreement or January 1, 1990, whichever occurs first.

The dispositive issue before this Court, then, is whether or not the 1986–1989 collective bargaining agreement between the OPEIU and the UAW was "in effect" on June 30, 1986. Plaintiff claims that it was not, because the agreement was not formally executed until November 16, 1986. The Court finds this argument unpersuasive. The negotiations between the OPEIU and the UAW resulted in a tentative agreement on April 6, 1986. That agreement provided:

This tentative agreement was reached at 3:30 a.m. on Sunday, April 6, 1986, and subject to ratification, will become effective on the date the International Union receives written notice from OPEIU Local 494 of ratification.

According to the affidavits and exhibits filed in support of Defendant's motion, the agreement was ratified on April 23, 1986,

and written notice of ratification was sent to the International Union the following day, April 24, 1986. At that time, the wage increase, benefits and other provisions of the new agreement were immediately put into effect and made retroactive to February 1, 1986, the day the previous agreement expired.

It is clear to the Court, then, that the collective bargaining agreement was "in effect," as that term is used in the ADEA, at the latest, on April 24, 1986. The Court finds no merit in Plaintiff's argument that because the agreement was not executed in final form until November 1986, it was not in effect until that date. The above-quoted language contained in the tentative agreement is unambiguous and clearly sets forth the parties' intent that the contract become effective upon written notice of ratification. This intent was later manifested by Defendant's immediate, retroactive implementation of the agreement's new wage and benefit provisions on that date.

Accordingly, the Court finds that there remains no genuine issue of material fact as to the effective date of the collective bargaining agreement at issue in this case, and Defendant is entitled to judgment as a matter of law.

Therefore, Defendant's Motion for Summary Judgment is GRANTED.